# CIRCUIT COURT OF BALTIMORE CITY.

Filed December 14, 1923.

---

SUPREME GRAND LODGE OF LOYAL ORANGE INSTITUTION

VS.

STATE GRAND LODGE OF MARYLAND, LOYAL ORANGE INSTITUTION.

---

*N. Carter Hammond* and *George Ross Veazey* for plaintiff.

*Ernest E. Stanley* and *Lindsay C. Spencer* for defendant.

DUFFY, J.—

(The Court) I have come to the following conclusion in this case: That the complainant has established his right of action to the relief prayed in the bill, and a decree will be passed in accordance with the prayer for relief.

The real question that has caused difficulty in my mind is whether or not the Imperial Council had any authority at all to intervene——

(Mr. Spencer) May I interrupt to say that I did not touch on that question in argument because I considered myself precluded from it by the rulings of the evidence.

(The Court) You made a mistake in doing that, because I did not preclude you. I ruled out of evidence only the matters which tended to prove—I did not rule out the testimony that you offered for the purpose of showing you had a constitutional right, the Imperial Council had a constitutional right to intervene. I admitted all that you offered along that line. I ruled out the testimony that you offered which tended to prove that, by a custom and by affiliation between the American Order and the Imperial Council there was authority on the part of the Imperial Council to adjudicate disputes between two contending factions in the American Order, each one claiming to be the legitimate order. I admitted that section of the constitution of the Imperial Council and the charter for the purpose of showing what the constitutional authority of the Imperial Council was.

As I said before, to my mind there is nothing in the *charter* of the Imperial Council that has been offered in evidence that justifies the Imperial Council in assuming to pass on any question that is involved in the controversy in this case. I do not think the sections to which I have been referred in that charter will admit of such a construction. I do not think the *affiliation*, evidence of which I ruled out, would be sufficient to justify such an action, or such an assumption of right on the part of the Imperial Council.

Now I find from the constitutions of both the plaintiff and the defendant that such a theory is absolutely excluded even without considering the resolution that was passed by the Supreme Grand Council in the meeting of 1904, if that was the time, which was testified to by Mr. Lemmon. The constitution of the complainant, in Article 7, says:

"Its (meaning the Supreme Grand Lodge) decisions shall be the final and supreme law of the Order."

The defendant's constitution, Article 5, says:

"Its (meaning the Supreme Grand Lodge) decisions shall be the final and supreme law of the Order."

"The judgment of the Supreme Grand Lodge is final, from which there can be no appeal." That is the exact language of the complainant's constitution, Article 12, on page 48, and the defendant's constitution, under the caption of "Appeals," Section 2, page 28. Neither constitution has any reference to the Imperial Council, nor has either charter any admission or consent to any other higher power. Quite to the contrary, both constitutions assert that the Supreme Grand Lodge is really supreme in authority. That was the sense of that resolution in 1904, if that was the time, in which the Supreme Grand Lodge repudiated the authority of the Triennial Council to adjudicate which the Triennial Council at that time was claiming, and I am not unmindful of the statement that was made in that letter written by that commission to Mr. Gilmore on October 6th, 1922, in which they admit that the Imperial Council had no such jurisdiction. Now then, if that is the case I cannot see what standing this defendant can have with that as a defense, that they, ex parte, submitted their case to the Imperial Council, and the Imperial Council, ex parte, recognized the defendant organization. So that it all harks back to what was done at Niagara Falls, and at Niagara Falls I think Mr. Dunlap and those who fraternized with him were absolutely in the wrong.

In the first place, I am not willing to accept the uncorroborated statement of Mr. Dunlap that he was assaulted at that door, because there was a whole crowd there, men affiliated with him and men not affiliated with him, and he has not produced a single witness who corroborates him when he says that Kennedy assaulted him and prevented him from entering the assembly room. No one else saw it. It is very strange to my mind that no one saw it who can be produced here as a witness to say yes I saw Kennedy assault him, and that is the reason he did not enter the assembly room. It seems to me that Mr. Dunlap ought to have taken warning from those two decisions of Judge Sulzbacher which were issued on the last day of July and first day of August of that year, of which he undoubtedly must have known and

must have read, they being decisions of a court of the jurisdiction in which he lived and in which he was acting at the time that he perpetrated this wrong there adjudicated against him. I know at that time the Court of Pennsylvania had not put Mr. Filson back in office and put Mr. Donaldson out. That did not occur until 1915, but Mr. Dunlap ought to have been more cautious, and he ought to have been made more cautious by what already had happened in the court because by that time the matter had gotten into court.

Now the question here is: Which of these contending factions is the legitimate Supreme Orange Order of the United States of America?

Those cases you cite from Virginia and other places are not such cases as this. There were not two contending factions, each claiming to be the thing in those cases, each one of them claiming it was the entity. Now in this case the question is which one of these factions is the entity, not as to whether or not there is some controversy between two factions which are each one a separate entity of itself. That is the difference, it seems to me, between this case and other cases, and whether the decision of the appellate division is binding in other States or not, the testimony in this case, at least, satisfies me that that decision is right, and that the parties that were in the wrong in Niagara Falls were Mr. Dunlap and those that were affiliated with him. I am not going to impute any bad faith to him, or any of those affiliated with him. They, no doubt, thought they were doing the right thing, and it is a very regrettable thing that a large order like this should be driven by schism such as has been in existence for the last six or seven years, but I can not see how Mr. Dunlap could have had a right, if he had been assaulted by a man who was only a delegate and not an officer, and who had no right by anything he did or said to bind the convention which was about to meet in the assembly hall, to decline to enter that hall. Mr. Dunlap's duty, it seems to me, and the duty of each one of the men affiliated with him, was to go to that hall and demand admittance to it. He was the Supreme Grand Master and he had the charter in his hand. If he had been driven away, under those circumstances, he might have some standing in court. He did not do that. He

withdrew, and it does seem to me that Mr. Dunlap and his friends withdrew for reasons of their own. I won't go any further than that. The organization that stayed in the assembly hall, started at nine o'clock A. M. on the morning they were called to meet in convention and was the legitimate organization of the institution that bears the name of the complainant in this case.

That being the case the local lodge incorporated in the State of Maryland has no right to the use of that name. It is perpetrating a technical fraud in the use of that name. I do not mean by that, that Mr. Waldron and those who are associated with him are going around cheating people and perpetrating intentional fraud. I do not mean that at all, but I mean to say that they are doing what the law calls a technical fraud, and it is on that theory that the law and the courts will not allow a corporation or a man to use a name which he is by law not entitled to, and that is what I decide in this case, that the incorporated State lodge, the defendant in this case, has no legal right to the use of the *name* that they have incorporated as their name in the certificate of the corporation.

I will sign a decree in accordance with the prayer for relief in the bill of complaint.

(Mr. Veasey) I should like to ask if there is to be a decree against both defendants.

(The Court) Both defendants are in court. I do not mean those two gentlemen. I mean the entire titles that they represent.